UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EURON MATTHEWS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06 CV 1158 DJS |
| | ) DDN |
| AL LUEBBERS, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Euron Matthews for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned United States Magistrate Judge for review and a recommended disposition pursuant to 28 U.S.C. § 636(b).

**I.  BACKGROUND**

On February 28, 2001, following a bench trial in the Circuit Court of Marion County, Missouri, Circuit Judge Robert M. Clayton II found petitioner Matthews guilty of two counts of distribution and delivery of a controlled substance.[1] (Doc. 6, Ex. A at 38.)[2] He was sentenced

---

[1]Petitioner was charged in an amended information with the Class A felonies of distribution, delivery or sale of a controlled substance within 2000 feet of a school on December 6, 1999 (Count I), and on May 19, 2000, within 1000 feet of government assisted housing (Count II). (Doc. 6, Ex. A at 31-32.) Following the evidentiary presentation at trial, during the closing arguments, the prosecutor admitted to the court that the state had been unable to prove that petitioner knew the drug transactions were within 2000 feet of a school and 1000 feet of government housing, as expressly charged in Count I and Count II, respectively. Therefore, the prosecutor asked the court to convict petitioner of the Class B felonies of sale of a controlled substance. (Id. Ex. B at 126.)

[2]The Circuit Judge ruled:

. . . the Court finds beyond a reasonable doubt that Defendant is a prior drug offender under Sections 195.275 and 195.291.1, R.S.Mo., and a persistent drug offender and is
(continued...)

as a prior and persistent offender to a total of twenty-five years imprisonment.[3]

On direct appeal, the Missouri Court of Appeals affirmed his conviction. Missouri v. Matthews, 95 S.W.3d 115 (Mo. Ct. App. 2002) (per curiam)(summary opinion); Doc. 6, Ex. E (informational opinion). Petitioner then moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. After an evidentiary hearing, the circuit court denied the motion and the Missouri Court of Appeals affirmed. Matthews v. Missouri, 168 S.W.3d 447 (Mo. Ct. App. 2005) (per curiam) (summary opinion); Doc. 6, Ex. J (informational opinion).

In its opinion on direct appeal from the conviction, the Missouri Court of Appeals described the facts proven by the evidence that supported the non-jury verdict:

> . . . On December 6, 2000, Craig Haley, a confidential informant, told Officer Michael Beilsmith that he could purchase crack cocaine from [petitioner]. Officer Beilsmith provided Haley $100 cash, which he had previously photocopied, equipped him with a body wire, ensured he had no other money or drugs in his possession, and drove him to a location near Fitz's Lounge, which was within 2000 feet of a school. He walked behind Haley to Fitz's Lounge and then returned to his vehicle and listened to the body wire. He overheard a drug transaction take place. Haley then left Fitz's, walked back to Officer Beilsmith's vehicle, and turned over a package of crack cocaine to him. Officer Beilsmith searched Haley and did not find any other money or contraband. The next day, Haley identified [petitioner] in a photo lineup as the person who sold him the cocaine. Haley testified that he went into Fitz's Lounge, walked up to

---

[2](...continued)
punishable as provided in Sections 195.275 and 195.291.2, R.S.Mo., in that he has [pleaded] guilty to or has been found guilty of two or more felony offenses relating to controlled substances, as proven by the State. . . . The Court finds Defendant guilty, beyond a reasonable doubt, of Count I, the Class B felony of distribution, delivery or sale of a controlled substance, and of Count II, the Class B felony of distribution, delivery or sale of a controlled substance.

(Doc. 6, Ex. A at 38.)

[3]Petitioner was sentenced to fifteen years imprisonment on Count I and ten years imprisonment on Count II. These sentences were ordered to run consecutively. (Doc. 6, Ex. A at 41.)

defendant, and told him that he wanted to purchase a
"sixteenth" of crack cocaine. [Petitioner] agreed, took the
money from Haley, and gave him the cocaine, which he put in
his mouth. He left and handed the cocaine to Officer
Beilsmith.

On May 19, 2000, another confidential informant, Dennis
Thomas, told Officer James Shinn that he could purchase crack
cocaine from [petitioner]. Police officers subsequently
provided Thomas $100 cash, equipped him with a body wire,
searched him to ensure he had no other money or drugs in his
possession, searched his vehicle, and placed an audio
recorder in his vehicle. The officers kept Thomas under
audio surveillance. After Thomas left [petitioner's] home,
and the officers met him at a pre-arranged location, where
he gave the officers the purchased cocaine. The officers
searched his vehicle again.

Thomas testified that he drove to [petitioner's] house.
[Petitioner] came out to Thomas's car. Thomas asked
[petitioner] if he had the crack cocaine to purchase.
[Petitioner] told him to come back in ten minutes. Thomas
drove around and returned to [petitioner's] house. Thomas
went into the house where [petitioner] put the drug into a
baggie and handed it to Thomas in exchange for $100.

(Doc. 6, Ex. E at 2-3.)[4]

## II. FEDERAL HABEAS GROUNDS

In his federal habeas petition, petitioner alleges three grounds for relief:

(1) Petitioner was denied due process of the law because there was insufficient evidence for any reasonable fact-finder to find him guilty beyond a reasonable doubt.

---

[4]In its informational opinion issued on January 11, 2005, the Missouri Court of Appeals again recounted the facts proven by the evidence most favorable to the verdict. The two renditions of the facts by the Missouri Court of Appeals are substantially similar, but not identical. The only major difference is the finding in the first opinion that the first drug transaction occurred on December 6, 2000, while the second opinion stated that it occurred on December 6, 1999. The undersigned attributes this difference to inadvertence. The amended information charged petitioner with the first drug transaction on December 6, 1999 (Doc. 6, Ex. A at 31), the trial evidence indicated the transaction occurred on that date (id. Ex. B at 15-18), and petitioner accepted that date in his habeas petition (Doc. 1 at 5-A-3).

(2) Petitioner received constitutionally ineffective assistance of counsel because trial counsel failed to inform petitioner that a waiver of his right to trial by jury meant that the judge could convict him of a lesser included offense.

(3) Petitioner received ineffective assistance of counsel because trial counsel did not call a witness who would have provided alibi testimony.

(Doc. 1.)

Respondent argues that all three grounds are without merit. (Doc. 4 at 3.)

### III. DISCUSSION

### Standard of Review

Habeas relief may be granted by a federal court on a claim previously adjudicated on its merits in a state court only when petitioner can show the state court decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The summary nature of the state court decisions does not modify the standard of review used by this court. Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001). A state court decision is contrary to established federal law if it contradicts the governing Supreme Court cases on a question of law or if, when confronting facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 406 (2000).

### Ground 1

In Ground 1, petitioner argues that his convictions are not supported by legally sufficient evidence. Specifically, petitioner contests the admissibility or credibility of testimony given by the two convicted felons who were working as confidential informants for law

-4-

enforcement officials, and who testified against petitioner at trial. Petitioner argues that this evidence, when viewed in conjunction with surveillance tapes that markedly lack incriminating statements, is insufficient to support his conviction.

On direct appeal from the convictions, the Missouri Court of Appeals considered, as petitioner's only point on appeal, whether the trial court evidence was legally sufficient. That court viewed the evidence in the light most favorable to the verdict, ruled that the issue of credibility of the evidence is for the trial factfinder and not for the appellate court on review of the sufficiency of the evidence, deferred to the circuit court's findings of fact in that respect, and affirmed the conviction. (Doc. 6, Ex. E at 3.)

The Supreme Court addressed the sufficiency of evidence claims in Jackson v. Virginia, 443 U.S. 307 (1979). In reviewing the sufficiency of the evidence adduced at trial, the proper inquiry for this court is, when viewing the evidence in the light most favorable to the prosecution and discounting inferences to the contrary, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. It is clear that the Missouri courts applied the correct federal constitutional standards in overruling petitioner's attack upon the legal sufficiency of the evidence.

Ground 1 is without merit, because the Missouri courts correctly applied federal constitutional law.

### Grounds 2 and 3

In his second and third grounds for relief, petitioner alleges his trial attorney rendered ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court discussed what constitutes ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Strickland test requires federal habeas corpus relief if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

There are two elements to a claim of constitutionally ineffective assistance of counsel. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Schumacher v. Hopkins, 83 F.3d 1034, 1036 (8th Cir. 1996). The strategic choices of counsel made after thorough investigation are virtually unchallengeable, and decisions following a less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

If this first threshold requirement is met, petitioner must also demonstrate that the deficient performance of counsel was so prejudicial that the result of the proceedings would have been different absent the error. Id. at 687; Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990). In addition, the prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). When attacking the effectiveness of counsel on constitutional grounds, the petitioner bears a heavy burden. See Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006). Even when read broadly, petitioner's allegations do not show that his trial counsel's performance fell below the objective standard of reasonableness of Strickland, 466 U.S. at 687-88.

In ground two, petitioner alleges trial counsel failed to advise him that, by agreeing to a bench trial, petitioner had vested the court with the ability to find him guilty of a lesser included offense. This argument is without merit.

Following the evidentiary hearing on the post-conviction relief motion before the circuit judge, the court found that, assuming petitioner's trial counsel failed to exercise customary skill and diligence, petitioner failed to establish that the outcome of the case would have been any different if counsel had advised petitioner of the possibility of conviction of a lesser included offense and the case had been tried by a jury. The court found that petitioner's waiver of his

right to a jury trial[5] was voluntary and made with knowledge of the consequences.  (Doc. 6, Ex. F at 34-35.)

On appeal, the Missouri Court of Appeals overruled this ground for relief.  The court ruled that, whether a criminal defendant is tried by a jury or by the court without a jury, the court and the state have the option of submitting the case on an uncharged, lesser included offense.  The court stated, "As such, the performance of [petitioner's] trial counsel was not ineffective for not explaining to [petitioner] that the possibility of being found guilty of a lesser-included offense was a consequence of waiving a jury trial when such is not true."  (Id. Ex. J at 7.)

Conviction of a lesser included offense does not violate due process when the elements and factual circumstances of both crimes are of the same or of an overlapping nature.  See Paterno v. Lyons, 334 U.S. 314, 320 (1948).  Even if petitioner had proceeded to trial with a jury, the trial court could have proffered the lesser included offense instructions, even over objections by either petitioner's trial counsel or the prosecution.  See Mo. Rev. Stat. § 556.046.  In fact, under the applicable Missouri law, the trial judge would have had a duty to instruct on the lesser included offenses due to the evidentiary basis for acquittal on the original filed charges.  Id.  This ground fails because, as the Missouri Court of Appeals noted, the conviction on a lesser included offense is not a result of petitioner's waiver of jury trial.

In addition, the factual record presented to this court does not indicate that petitioner's waiver of jury trial was necessarily the result of consultation with trial counsel.  At the post-conviction hearing, petitioner's trial counsel testified that he had advised against a waiver of jury trial.  (Doc. 6, Ex. G at 8-9.)  Even assuming that trial counsel did advise petitioner to waive his right to a jury trial, such conduct is not objectively unreasonable.  A reasonable defense attorney could have suggested this course of action because a

---

[5]Petitioner expressly waived his right to a jury trial in a court-filed document (Doc. 6, Ex. A at 29-30) and in open court.  (Id. Ex. B at 7.)

defense witness did not present well, or because the venue had a reputation for being particularly tough on the type of crime that petitioner was charged with. When coupled with the presumption of constitutionally effective representation, this claim fails the threshold requirement of objective unreasonableness articulated in Strickland, 466 U.S. at 687-88.

Ground 2 is without merit.

In Ground 3 petitioner argues that trial counsel was ineffective for failing to call a witness who allegedly would have provided an alibi.

On this ground, the Missouri circuit court found that petitioner's counsel had explained that he did not believe the witness, who had a criminal record, would have been helpful to petitioner at trial, and that the record did not show that the asserted alibi witness would have provided a viable defense. (Doc. 6, Ex. F at 79.) These reasons for denying post-conviction relief were affirmed on direct appeal. (Id. Ex. J at 8.)

The decisions of the Missouri courts were a correct application of federal law. Defense counsel could reasonably have determined that having a witness who was unlikely to provide credible testimony or a viable alibi defense would not have helped the defendant at trial. An alibi defense requires notice to the prosecutor, who would have had ample opportunity to investigate and prepare to impeach the alibi witness. At the post-conviction relief hearing, petitioner's trial counsel testified that his knowledge of the alleged alibi witness could "implicate her in certain illegal activity" and her testimony could result in charges being filed against her. (Id. Ex. G at 22.)

Furthermore, as part of the pre-trial investigation, petitioner presented falsified evidence to his trial counsel in support of his alleged alibi. (Id. at 31.) Given the deceptive conduct of petitioner, defense counsel had substantiated reason to decide that an alibi defense was not viable or would be unsubstantiated by evidence available at trial. Defense counsel is not expected to maintain a defense that is neither viable nor unsubstantiated. See Honeycutt v. Roper, 426 F.3d 957, 960 (8th Cir. 2005). Petitioner's argument is particularly

-8-

unpersuasive when, as in the instant case, the evidence adduced at trial does not support an alibi defense. Petitioner testified on his own behalf at his bench trial, and had ample opportunity to present testimonial evidence of an alibi if he so chose. For these reasons, this ground must also fail the objective reasonable test of Strickland, 466 U.S. at 687-88.

Ground 3 is without merit.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Euron Matthews for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.


　　　　　　　　　　　　　　　　　　/S/ David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on December 5, 2008.