UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EURON MATTHEWS,          )
                        )
          Petitioner,   )
                        )
     vs.                )     No. 4:06CV1158-DJS
                        )
AL LUEBBERS,            )
                        )
          Respondent.   )

## ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #9], recommending denial of the instant petition for writ of habeas corpus, and petitioner Euron Matthews' objections thereto [Doc. #14]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

### Background

On February 28, 2001, after a bench trial, petitioner was found guilty on two counts of distribution and delivery of a controlled substance. Doc. #9, p. 1. Petitioner was sentenced as a prior and persistent offender to a total of twenty-five years imprisonment. Id. at 1-2.

### Instant Petition

The instant petition for writ of habeas corpus was filed in this Court on August 2, 2006. Petitioner raises three bases for relief pursuant to 28 U.S.C. §2254:

1.   He was denied due process of the law because there was insufficient evidence for any reasonable fact-finder to find him guilty beyond a reasonable doubt;

2.   He received constitutionally ineffective assistance of counsel because trial counsel failed to inform him that a waiver of his right to trial by jury meant that the judge could convict him of a lesser included offense; and

3.   He received ineffective assistance of counsel because trial counsel did not call a witness who would have provided alibi testimony.

The magistrate judge issued his report and recommendation on December 5, 2008, in which he analyzes all three grounds for relief. After a thorough analysis, the magistrate judge recommends that petitioner's writ of habeas corpus be denied.

## Standard of Review

As stated above, pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark,

749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

Further, arguments that could have been presented to the magistrate judge, but were not, will not be considered by this Court. "Review of a magistrate's ruling before the district court does not permit consideration of issues not raised before the magistrate because the magistrate's decision should not be disturbed on the basis of arguments not presented to him." Harrington v. Wilber, 384 F. Supp. 2d 1321, 1324-25 (S.D. Iowa, 2005) (internal quotation omitted). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act...." Id. at 1325 (quoting Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992)); see also Singh v. Superintending School Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984) ("The [Federal Magistrate's] Act necessarily contemplates that on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their 'best shot' but all of their shots.").

## Petitioner's Objections

Petitioner, in his statement of objections, states that he is an innocent man, and contends that the magistrate judge did not give a clear reason as to why his habeas petition should not be granted. Petitioner also states that his lawyer did not investigate the informant,[1] and did not call Michelle Snoddy, an alibi witness who was available to testify.[2] The Court notes that petitioner does not object to the magistrate judge's findings regarding grounds one and two. Further, the Court finds that petitioner fails to set forth any argument pointing to errors of law or fact made by the magistrate judge regarding ground three,

---

[1]To the extent petitioner attempts to raise trial counsel's alleged failure to investigate as an additional ground for habeas corpus relief, the Court notes that this objection was not raised in his petition. Accordingly, this ground need not be reviewed by the Court. Nevertheless, the Court notes that petitioner's statement of objections does little more than assert that his attorney did not investigate the informant, and does not provide the Court with sufficient evidence or argument for such a claim to be further considered.

[2]Petitioner also sets forth trial counsel's failure to call Keisha Matthews as an additional ground for habeas corpus relief. While petitioner stated in his petition that he told his attorney about "two witnesses" prior to trial, he proceeded to only dispute counsel's failure to call Michelle Snoddy. Doc. #1, p. 21. Petitioner did not specifically raise the failure to call Keisha Matthews as a source of ineffective assistance of counsel in his petition, and therefore this ground need not be reviewed by the Court. Nevertheless, the Court notes that, as with his failure to investigate claim, petitioner's statement of objections does little more than assert that counsel's failure to call Keisha Matthews constituted ineffective assistance, and does not provide the Court with sufficient evidence or argument for such a claim to be further considered.

and therefore fails to raise any specific objection to the report and recommendation.[3]

Nevertheless, the Court will address petitioner's statement of objections. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is a strong presumption that counsel's strategic choices were reasonable." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008) (citing McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998)).

Petitioner asserts that his trial counsel was ineffective by failing to call Michelle Snoddy as an alibi witness. However, as noted by the magistrate judge, as part of the pre-trial investigation petitioner falsified evidence to his trial counsel in

---

[3]Petitioner also states that he is sending the Court five new exhibits which demonstrate repeated attempts to get in contact with his attorney and the judge assigned to the case. These exhibits were submitted with petitioner's habeas petition, and were before the magistrate judge when he issued his report and recommendation. See Doc. #1-7.

support of his alleged alibi. Further, evidence was adduced at trial that did not support petitioner's alibi defense. Therefore, it was reasonable for trial counsel to take the position that an alibi defense was not viable or would be unsubstantiated by evidence available at trial. That is, trial counsel could reasonably have determined that presentation of the alibi evidence (and the subsequent impeachment of such alibi evidence) would not have helped petitioner at trial. Further, as noted by the magistrate judge, petitioner testified on his own behalf at his bench trial, and had ample opportunity to present testimonial evidence of an alibi if he so chose.

The Court finds that this failure to call Michelle Snoddy did not implicate the effectiveness of trial counsel's overall performance. Rather, failure to call Michelle Snoddy could reasonably have been a calculated and deliberate trial strategy. This is a reasonable choice consistent with sound trial strategy, and petitioner's objections will be overruled.

## Conclusion

This Court has reviewed the record, the petition, the magistrate judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their

entirety, and the Court will adopt the report and recommendation of the magistrate judge.  Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #14] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #9] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Euron Matthews for a writ of habeas corpus under 28 U.S.C. §2254 is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this   22nd   day of September, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE